IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY M. SPECK, et al.              :              CIVIL ACTION
                                      :              NO. 06-4976
            v.                        :
                                      :
CITY OF PHILADELPHIA, et al.          :

O'NEILL, J.                                          JANUARY 10, 2008

MEMORANDUM

On November 13, 2006 plaintiffs, police officers employed by the City of Philadelphia

Police Department, filed a complaint pursuant to 42 U.S.C. § 1983 against defendants, the City

of Philadelphia and officials in the City of Philadelphia Police Department ("City defendants")[1]

and the Pennsylvania State Police ("Commonweatlh defendants"),[2] alleging various

constitutional and statutory violations.  On April 12, 2007 Commonwealth defendants filed a

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or

alternatively for a more definite statement pursuant to Rule 12(e).  On April 13, 2007 City

defendants filed their own motion to dismiss pursuant to Rule 12(b)(6) or alternatively for a more

definite statement pursuant to Rule 12(e).  On July 31, 2007 I granted the motion to dismiss

plaintiffs' Due Process claim against the Commonwealth defendants and defendants' motion for

a more definite statement with respect to plaintiffs' First Amendment retaliation claim.  I denied

Commonwealth and City defendants' motions on all other grounds.

----

[1]Named as City defendants are the City of Philadelphia, Sylvester Johnson, Thomas
Nestell, Anthony Wong, and Charlotte Council.

[2]Named as Commonwealth defendants are Jeffery B. Miller, John M. Gallaher, E.
Beverly Young, and Charles B. Crow.

Before me now are Commonwealth defendants' motion for judgment on the pleadings with respect to plaintiffs' § 1983 claim made pursuant to the Contracts Clause of the United States Constitution, plaintiffs' response, and Commonwealth defendants' reply.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).  See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994); Craigs, Inc. v. Gen. Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376 (E.D. Pa. 1995). Judgment will be granted only if it is clearly established that no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.  See Inst. for Scientific Info., Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991).  I must accept all well-plead factual allegations in the complaint as true, and all inferences must be drawn in the light most favorable to the non-moving party.  See Sheppard, 18 F.3d at 150; Scott v. Niles, 11 F.3d 399, 406 (3d Cir. 1993).  However, I need not accept bald assertions, unwarranted inferences, or legal conclusions.  See Maio v. Atena, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  "[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable.  We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner."  City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998).

DISCUSSION

The factual background of this case is set forth in the memorandum accompanying my

July 31, 2007 Order.  Specifically with respect to their Contracts Clause claim, plaintiffs allege in

their complaint that Commonwealth defendants "used their state authority as members of the

Municipal Police Training Commission to substantial [sic] interfere and/or impair Plaintiff's

[sic] contract with the City of Philadelphia, which contract provided to the Plaintiffs certain due

process rights, continued employment, and clearance of harmful or illegal employment

information contained in employment and disciplinary records of the City of Philadelphia and its

Police Department, but which under said contract the information were [sic] contractually to be

removed, expunged and cleared of reference and/or plaintiffs rehired without having the adverse

employment information further harm the Plaintiff [sic]."  Plaintiffs further allege that "[t]he

aforementioned Defendants' acts of creating new law that required the Defendant City to

resurrect the expunged information and disclose it or consider it for continued employment

interfere with and impair the contract between Plaintiffs and the Defendant City."  Plaintiffs then

allege that the Commonwealth defendants "crated [sic] law that impaired the contract rights of

the Plaintiffs by requiring the Plaintiffs and Defendant City to reserve the expunged information,

discuss the expunged information, and to disclose the expunged information to others, such as

and including internal affairs, investigators, psychologists, and polygrahers [sic]."

Commonwealth defendants presently move for judgment on the pleadings on two

grounds: (1) plaintiffs' complaint fails to allege a § 1983 claim under the Contract Clause; and

(2) qualified immunity bars plaintiffs' civil damages claim under the Contract Clause.

I.      Plaintiffs' complaint fails to allege a § 1983 claim under the Contracts Clause

Section 1983 provides an avenue for individuals to adjudicate violations of rights secured under federal constitutional or statutory law.  Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005).  A valid claim under § 1983 must plead adequately three elements: (1) defendants acted under color of law; (2) defendants violated plaintiffs' federal constitutional or statutory rights; and (3) that violation caused injury to plaintiffs.  Id.  In the present motion Commonwealth defendants argue that plaintiffs' complaint fails to allege that defendants violated plaintiffs' rights under the Contracts Clause.

Article I, section 10 of the United States Constitution provides, in relevant part: "No State shall pass any . . . Law impairing the Obligation of Contracts."  U.S. Const. art. I, § 10.  In Transport Workers Union of America v. Southeastern Pennsylvania Transport Authority the Court of Appeals stated that "Contract Clause analysis requires three threshold inquiries: (1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial."  145 F.3d 619, 621 (3d Cir. 1998).

"The purpose of the Contract Clause is to protect the legitimate expectations that arise from . . . contractual relationships from unreasonable legislative interference."  Id. at 622. Accordingly, "[i]n order to come within the provision of the Constitution of the United States which declares that no State shall pass any law impairing the obligation of contracts, not only must the obligation of a contract have been impaired but it must have been impaired by a law of the State.  The prohibition is aimed at the legislative power of the state . . . ."  New Orleans Waterworks Co. v. La. Sugar Ref. Co., 125 U.S. 18, 30 (1888); see Cross Lake Shooting &

Fishing Club v. La., 224 U.S. 632, 638 (1912) (asserting that the Contracts Clause "is not directed against all impairment of contract obligations, but only against such as results from a subsequent exertion of the legislative power of the State").  The prohibition is aimed "not at the decisions of its court, or the acts of administrative or executive boards or offices, or the doings of corporations or individuals." New Orleans Waterworks Co., 125 U.S. at 30.  "Acts of state legislation include not only statutes enacted by the legislature or constitutions enacted by the people of a state, but also by-laws and ordinances of municipal corporations that constitute 'an exercise of legislative power delegated by the legislature to the corporation as a political subdivision of the State, having all the force of law within the limits of the municipality.'"  Price v. Pa. Prop. & Cas. Ins. Co. Ass'n, 158 F. Supp. 2d 547, 551 (E.D. Pa. 2001), quoting New Orleans Waterworks Co., 125 U.S. at 30-31.  "Legislative power is defined as the lawmaking power of a legislative body involving actions that relate to subjects of permanent or general character." Price, 158 F. Supp. 2d at 551.

In their present motion Commonwealth defendants argue that plaintiffs' complaint does not allege an exertion of the legislative power of Pennsylvania which impaired a contractual relationship between plaintiffs and Commonwealth defendants.  I agree.  Even if I assume, *arguendo*, that plaintiffs have alleged adequately a contractual relationship with defendants they fail to allege that the relationship was affected by any legislative or quasi-legislative act. Plaintiffs' Contracts Clause claim is based on the theory that the language of Article III, § 31 of the Constitution of the Commonwealth of Pennsylvania[3] delegates legislative authority to

---

[3]Article III, § 31 states:

The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any

MPOETC such that the actions, rules, and regulations of MPOETC carry the same weight and authority as if enacted by the Legislature itself.  Plaintiffs do not cite any cases to support this theory, which I find has no basis in law.

Article III, § 31 of the Pennsylvania Constitution "prohibits the delegation of certain legislative powers."  See Pa. Sch. Bds. Ass'n, Inc. v. Commonwealth Ass'n of Sch. Adm'rs, Teamsters Local 502, 805 A.2d 476, 480 (Pa. 2002).  "Section 31 also provides an exception to that general rule, which allows the enactment of laws establishing panels or commissions for the settlement of grievances and collective bargaining by binding arbitration between police and firemen with respect to matters that can be remedied by administrative action as well as those requiring legislative action."  Id. at 480 n.7.  This exception was added by amendment in response to the Pennsylvania Supreme Court's 1962 decision in Erie Firefighters Local No. 293 of International Ass'n of Firefighters v. Gardner, where the court held that binding public employers to arbitration awards between public employees and their public employers would

---

municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever. Notwithstanding the foregoing limitation or any other provision of the Constitution, the General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall constitute a mandate to the head of the political subdivision which is the employer, or to the appropriate officer of the Commonwealth if the Commonwealth is the employer, with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision or of the Commonwealth, with respect to matters which require legislative action, to take the action necessary to carry out such findings.

Pa. Const., art. III, § 31.

violate the non-delegation provision of § 31.[4]  178 A.2d 691, 691 (Pa. 1962) (per curiam), <u>citing</u>

26 Pa. D. & C. 2d 327, 334-35 (1961).  The Pennsylvania Supreme Court since has asserted that

the amendment to Article III, § 31 – the provision plaintiffs rely upon here – "is designed to

permit the type of arbitration procedure overturned in <u>Erie Firefighters</u>" notwithstanding the

foregoing non-delegation provision.  <u>Harney v. Russo</u>, 255 A.2d 560, 561-62 (Pa. 1969).

Contrary to plaintiffs' contention, Article III, § 31 does not apply to this case.  Plaintiffs

are not seeking to uphold an arbitration award against Commonwealth defendants.  The

Pennsylvania State Police is the agency of the Commonwealth responsible for the administration

of the Municipal Police Officer Education and Training Commission, which is also a

Commonwealth agency.  <u>See</u> 53 Pa. C.S.A. § 2161 <u>et seq.</u>  The powers and duties of the

Commission are set out in 53 Pa. C.S.A. § 2164.  Defendants' alleged actions – subjecting

plaintiffs to various prerequisites for reemployment – were made pursuant to the regulatory

authority delegated to executive agencies PSP and MPOETC.  No delegation or exertion of

legislative authority is implicated in this case, nor is there any basis for plaintiffs' bald assertion

that defendants' alleged actions "created new law."  The actions of an executive agency with

respect to the certification of certain employees are neither legislative nor quasi-legislative as

they do not relate to subjects of permanent or general character.  Instead defendants' alleged

actions are administrative in nature; they are "the acts of administrative or executive boards or

offices" not within the province of the Contracts Clause.  Assuming, *arguendo*, that defendants

ignored a contractual obligation to remove, expunge, or clear certain information as plaintiffs'

complaint alleges, the appropriate remedy is a breach of contract claim, not a claim under the

[4]At the time of that decision, Article III § 31 was numbered Article III, § 20.  The
provision was renumbered on May 16, 1967.

Contracts Clause.

II.        Qualified immunity

      As I conclude that plaintiffs' complaint fails to allege a § 1983 claim under the Contract

Clause, I need not reach the issue of qualified immunity.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY M. SPECK, et al.            :          CIVIL ACTION
                                    :          NO. 06-4976
          v.                        :
                                    :
CITY OF PHILADELPHIA, et al.        :

### ORDER

AND NOW, this 10th day of January 2008, upon consideration of Commonwealth defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), plaintiffs' response, and Commonwealth defendants' reply, it is ORDERED that Commonwealth defendants' motion is GRANTED, and plaintiffs' 42 U.S.C. § 1983 claim under the Contracts Clause against Jeffery B. Miller, John M. Gallaher, E. Beverly Young, and Charles B. Crow is DISMISSED.

                                    s/Thomas N. O'Neill, Jr.
                                    THOMAS N. O'NEILL, JR., J.